Moncure, P.,
delivered the opinion of the court.
This is a supersedeas to a judgment of the Circuit court of Montgomery county, reversing a judgment of the County court of said county, in an action of unlawful detainer. It appears that the land sued for had been leased by the plaintiff' to the defendant by a sealed lease for the term of five years, commencing the first day of January 1868, and ending on the 1st of January 1873, at an annual rent of three hundred dollars. The action was brought on the 5th day of November 1869, before the end of the second year of the said term of five years. Several errors in the judgment of the County court (which was for the plaintiff) were assigned in the defendant’s petition for a supersedeas to the Cireuit court, but one of them only was noticed in the judgment of the Circuit court, and on that the judgment of the County court was reversed. Before noticing that, we will notice one other of the errors assigned in the judgment of the County court, which error, we think, is well assigned, and upon it, also, that judgment might have been reversed. The error here referred to is the first in the defendant’s assignment of errors in his petition for a supei’sedeas to the said judgment of the County court; that is, that “ the court erred in refusing to continue the case upon motion of petitioner, as appears from the second bill of exceptions filed in the case.”
The defendant, undoubtedly, would have had good ground for a continuance of the case on account of the absence of the plaintiff, but for the agreement made between them in regard to the production on the trial of *15 the cause of the agreement, then|n her possession, under which he claimed to be entitled to the possession of the land in question. She had been duly summoned as a witness, and was absent at the trial; and her materiality as a witness' for the defendant was pi’oved to the court. This state of facts, standing by itself, would have presented a plain case for a continuance. But the defendant further proved that he had told the plaintiff, that if she would cause the said agreement to be produced in evidence on the trial of the cause, then she need not attend the court. And if the plaintiff had been willing, when' the case was called for trial, to produce the said agreement as evidence in the cause, there would have been no ground for a continuance on account of her absence. But her counsel refused in open court, upon being applied to, to consent that the said writing should go before the jury, but said they would produce it in court on the trial of the case, as notified, and -that the question of admitting it before the jury was to be determined hereafter. How, if the understanding between the plaintiff and defendant was as proved by the defendant, that the said waiting should be produced in evidence on the, trial, then, clearly, the refusal of the plaintiff’s «counsel to cousent that said writing should go before the jury entitled the defendant to a continuance, notwithstanding the declaration of said counsel, as aforesaid, that they would produce said writing in court on the trial of the case, as notified, and that the question of admitting it before the jury was to be determined hereafter. The condition on which the defendant had jsonsented.to. dispense with the necessity of the plaintiff’s personal attendance on the trial as a witness on his behalf, not having been performed, he of- course had the same right to a continuance that he would have had if there never had been any such condition. The declaration of the plaintiff’s counsel, that they would produce said writing in court on the trial, and that the question *16 of admitting it before the jury was to be determined hereafter, makes no difference. The condition as proved the defendant, in which view we are now considering it, was that the said writing should be produced in evidence on the trial; that is, should bo read as evidence before the jury; not that the question of admissibility should first be referred to the decision of the court, and the writing be produced in evidence only in the event of' its being determined to be legally admissible.
There'was, on the motion for a continuance, evidence before the court tending to show that the defendant had said he told the plaintiff she need not attend as a witness, if she would produce the said writing before the court, saying nothing about its being produced to be read in evidence on the trial of the cause. But the weight of evidence decidedly sustained the defendant in his view of the condition on which he agreed to dispense with the necessity of the presence of the plaintiff as a ■witness on the trial.
But whether the plaintiff or the defendant were right in regard to their respective views of the said condition, there was, at least, a misunderstanding between them on the subject; and that of itself, entitled the defendant to a continuance of the cause to prevent the effect of a surprise upon him.
If, however, the plaintiff desired to avoid a continuance on that ground, she had it in her power to do so, by consenting that the said writing, which her counsel then had in court, should be read in evidence before the jury on the trial of the cause. There could have been no good reason for refusing so to consent, if the said writing were legally admissible, as the plaintiff by her counsel now contends that it was. It is contended further by her counsel that there was no necessity for such consent ; that the said writing was clearly admissible evidence though insufficiently stamped, and that the defendant would have been entitled to read it in evidence *17 before tbe jury when the time came to do so. But it was not then, if it be now, a settled question, that such evidence is admissible. The defendant’s counsel manifestly thought that it was not admissible, and the plaintiff’s counsel probably then entertained the same opinion ; though he is now of a different opinion, and cited in his brief sevéral recent authorities to sustain his present opinion. At all events, the plaintiff’s couusel, by refusing to consent that the said writing should be read in evidence, plainly indicatéd an intention to question its admissibility when it should be offered as evidence before the jury ; and the defendant was not bound to run the risk of its being excluded, but had a right to have the case continued, when the plaintiff' refused to give her consent as afosesaid.
We will now proceed to consider the ground of error on which the judgment of the County court was reversed by the Circuit court; that is, that the evidence of the defendant which was excluded by the County court, was admissible evidence and ought not to have been so excluded.
The question presented by this assignment of error arises on the 4th bill of exceptions ; from which it appears, that on the trial of the cause, the plaintiff proved herself to be the owner in fee of the lands in question, and that defendant was in possession on the 5th day of November 1869, the date of the writ, and was still in possession at the time of the trial, and the plaintiff lived two miles from the main dwelling which was occupied by the defendant on said premises ; and closed her evidence. The defendant, to sustain the issue on his part, then introduced two receipts signed by the plaintiff in the words and figures following, to wit:
“Beceived of Ci L. Peck, three hundred dollars, amount in full for the rent of my property for the year 1868. M. B. Taylor.”
[U. S. revenue stamp, 2 cents; cancelled.]
*18 “Received of C. L. Peck, January 1, 1870, three hundred dollars in full, for the rent of my property for the year 1869, according to contract.
M. B. Taylor.”
[TJ. S. revenue stamp, 2 cents; cancelled.]
And proved that the sum of money mentioned in the receipt which is not dated, was paid partly in 1868, and the balance in September 1869 ; that the payment in September 1869, was not made by the defendant in person, but by an agent, and that the receipt was given on the 1st day of January 1870. And he further proved that the sum of money mentioned in the receipt bearing date January 1st, 1870, was actually paid on the said 1st day of January 1870, and was for the use and occupation of said premises for the year 1869 ; and he further proved that he had been in possession of said land since the 1st of January 1868. And thereupon, the defendant announced that he was through with his evidence. The plaintiff then moved the court to exclude from the jury all the evidence introduced by the defendant, on the ground that there was a written article of lease between the parties relative to the laud in dispute ; which motion was resisted by the defendant. But the court sustained the plaintiff’s motion and excluded the said evidence ; and the defendant excepted. Other matters are set out in the bill of exceptions, which need not be here repeated. Afterwards, on the plaintiff’s motion, the court admitted so much of the defendant’s evidence as proved that defendant had been in possession of the land in controversy since the 1st January 1868, but excluded all the balance of said evidence; to which ruling of the court the defendant again excepted ; and this constitutes the ground of his 5 th bill of exceptions.
The defendant’s evidence was excluded by the County court upon the ground that parol evidence is inadmissible to prove the contents of a written contract, unless *19 the non-production of such contract is first duly accounted for ; and that to admit the said evidence of the defendant in this case, would be to violate that rule.
There is no doubt about the existence of the rule or its wisdom. The only question is, does this case fall within it ? Or does not this case come within some exception to the rule ?
First. "We think this case does not fall within the rule.
In other words, that the rule does not apply to it. The evidence was not offered, and does not tend, to prove the contents of a written contract. It was offered, and tends .only, to prove that at the time of the institution of the action, the defendant occupied the land in controversy as the plaintiff’s tenant. The terms of the tenancy, or of the lease under which the defendant then held the premises, was perfectly immaterial. If he held them at that time as tenant, no matter on what terms and conditions, he held them lawfully, and the plaintiff' had no right to recover in the action. That he held them as tenant of the plaintiff’ and not adversely, was a fact which could be proved by parol evidence, and need not of necessity be proved by the production of the lease, though there may have been no reason for its non-production. It is well settled in England that the existence of a tenancy between the parties may be shown by parol, though the demise be in writing. Rex v. Holy Trinity, Kingston upon Hull, 7 Barn. and Cres. 611, 14 Eng. C. L. R. 101. If the fact of the occupation of land is alone in issue, without respect to the terms of the tenancy, this fact may be proved by any competent oral testimony, such as payment of rent, or declarations of the tenant, notwithstanding it appears that the occupancy was under an agreement in writing ; for here the writing is only collateral to the fact in question. Thus the law is laid down by Professor Greenleaf, 1 Greenl. on Ev. § 87; and he cites the following cases to sustain him: Rex v. Holy Trinity, &c., supra; Doe v. Harvey, 8 Bing. R. 239, *20 241; Spiers v. Willison, 4 Cranch. U. S. R. 398; Dennett v. Crocker, 8 Greenl. R. 239, 244. The case of Rex v. The Holy Trinity, &c., which was decided by the 'whole court of King’s Bench in 1827, was questioned in the case of Strother, &c. v. Barr, &c., decided by the common pleas in 1828; 5 Bing. R. 136, 15 Eng. C. L. R. 391; and the opinion of Best, O. J. in that case, was much relied upon in the argument of the counsel for the plaintiff in this case. But in that case there was an equal division of the court, and the decision was against the opinion of the Chief Justice. He was the only judge in the case who questioned the correctness of the decision Rex v. The Holy Trinity, &c., while two of the three other judges strongly relied upon it as a binding authority.
Secondly. But even if the rule in question wei’e applicable to such a case as this, it comes within the exception to the rule which was declared in the case of Slatterie v. Pooley, 6 Mess. & Welsh. R. 664, decided by the Court of Exchequer in 1840, and cited by the Attorney-General in this case. That exception is, that “a parol admission by a party to a suit is always receivable in evidence against him, although it relate to the contents of a deed or other written instrument; and even though its contents be directly in issue in the cause.” Parke B. in his opinion in that case, after admitting that the case of Bloxam v. Elsee, decided by Lord Tenterden at Nisi Prius, was no doubt to the contrary, said, that “since that case, as well as before, there have been many reported decisions, that whatever a party says, or his acts amounting to admissions, are evidence against himself, though such admissions may involve what must necessarily be contained in some deed or writing.” “Many of these cases are collected in the 1st Vol. of Messrs. Phillips & Amos, p. 364; and any one experienced in the conduct of causes at Nisi Prius, must know how constant the practice is. Indeed, if such evidence were inadmis *21 sible, the difficulties thrown in the way of almost every trial would be nearly insuperable. The reason why such parol statements are admissible, without notice to produce, or accounting for the absence of the written instrument, is, that they are not open to the same objection which belongs to parol evidence from other sources, where the written evidence might have been produced ; for such evidence is excluded from the presumption of its untruth, arising from the very nature of the case, where better evidence is withheld ; whereas, what a party himself admits to be true, may reasonably be presumed to be so. The weight and value of such testimony is quite another question. That will vary according to circumstances, and it may be in some cases quite unsatisfactory to a jury. But it is enough for the present purpose to say, that the evidence is admissible. ” Lord Abinger C. B. “concurred in what was said by Parke B. ; and stated that he had always considered it as clear law, that a party’s own statements were in all cases admissible, whether they corroborate the contents of a written instrument or not.” The other Barons who sat in the case, also concurred. This case is entitled to very great respect, looking to the high character of the judges who decided it. Than Baron Parke and Lord Chief Baron Abinger, there have perhaps been no English judges of higher standing.
The case of Slatterie v. Pooley has since been confirmed by a unanimous decision of the court of Common Pleas in the case of Howard v. Smith, 3 Man. & Gran. 254, 42 Eng. C. L. R. 139, decided in 1841, and also cited by the Attorney-General.
According to these cases, which we think correctly expound the law, the receipts of the plaintiff for rent for the years 1868 and 1869, which were excluded as aforesaid, were clearly admissible.
And we think that all the evidence of the defendant which was excluded by the County court was admissible evidence, and ought not to have been so excluded.
*22 We are, therefore, of opinion that there is no error in the judgment of the Circuit court, and that it he affirmed.
The judgment is as follows :
This day came, &c., and the court having maturely considered, &c., is of opinion, for reasons stated in writing and filed with the record, that there is no error in the said judgment of the said Circuit court. Therefore, it is considered that the said judgment he affirmed, and that the defendant recover of the plaintiff thirty dollars damages, and his costs hy him about his defence in this behalf expended. Which is ordered to he certified to the said Circuit court of Montgomery county.
Judgment of the Circuit court affirmed.